**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| ALBERT S. WOLOGO,<br><br>　　　　　Plaintiff,<br>vs.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY and AEGON USA INVESTMENT MANAGEMENT,<br><br>　　　　　Defendants. | No. C 17-136-MWB<br><br>**OPINION AND ORDER REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

_____

　　　　In this action, plaintiff Albert S. Wologo is suing Transamerica Life Insurance Company, which employed him as an independent contractor to sell insurance and treasury bonds for its various affiliates, and Aegon USA Investment Management, the former manager of his stock purchase plan. Wologo asserts two claims. His first claim is for conversion, based on his contention that defendants removed funds from his stock purchase plan without his knowledge and approval and wrongfully converted those funds to their own use. His second claim is for fraud, based on his contention that Transamerica represented to him at his termination that he did not have any debt to Transamerica for any advances beyond commissions due and that he would receive the proceeds from liquidating the stock in his stock purchase plan, to induce him to liquidate his stock, but Transamerica then took the proceeds from liquidating his stock. The defendants deny Wologo's claims, and Transamerica asserts a counterclaim for the amount by which it alleges Wologo's indebtedness to Transamerica for advances exceeds the amount from the liquidation of the shares in his stock purchase plan over which Transamerica had a lien. This case was transferred to the Northern District of Iowa on November 16, 2017.

The minutes of a status conference held November 30, 2017, before Magistrate Judge Kelly K.E. Mahoney, at which Wologo personally appeared by telephone with his then-counsel, reflect that Wologo would be "proceeding pro se for the time being." No attorney has since appeared to represent Wologo in this matter.

On January 5, 2018, the defendants filed the Motion For Summary Judgment now before me, seeking summary judgment on both of Wologo's claims and on Transamerica's counterclaim against Wologo. Although the deadline for Wologo's resistance was January 26, 2018, Wologo filed no timely resistance to nor any request for an extension of time to resist the defendants' Motion For Summary Judgment. On February 1, 2018, the defendants filed their Report To The Court And Request For Ruling, noting Wologo's failure to respond and requesting that I now grant their Motion For Summary Judgment.

Under the circumstances, I conclude that, in their Motion For Summary Judgment and supporting Statement of Material Facts and Appendix, the defendants have carried their "'initial responsibility of informing the district court of the basis for [their] motion,' and . . . identify[ing] 'those portions of [the record] . . . which [they] believe[] demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). On the other hand, because Wologo has provided no timely response, he has not met his burden to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). Thus, on the record presented, taken as a whole, no rational trier of fact could find for Wologo, either on his claims or on Transamerica's counterclaim, there are no genuine issues of material fact for trial, and the defendants are entitled to summary judgment on Wologo's claims and Transamerica's counterclaim.

THEREFORE, the defendants' February 1, 2018, Report To The Court And Request For Ruling (docket no. 63) is **granted**, and the defendants' January 5, 2018, Motion For Summary Judgment (docket no. 58) is **granted in its entirety.** Judgment shall enter in favor of the defendants and against plaintiff Wologo on Wologo's claims and defendant Transamerica's counterclaim. Defendant Transamerica shall recover from Wologo on its counterclaim $238,884.13, plus interest, costs, and attorney fees as required under the notes and agreements that Wologo signed. Defendants are directed to file within 40 days a calculation of the additional interest due and a calculation of reasonable attorney fees as allowed under the promissory notes.

**IT IS SO ORDERED**.

**DATED** this 2nd day of February, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA