# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| ALBERT S. WOLOGO, <br><br> Plaintiff, <br> vs. <br><br> TRANSAMERICA LIFE INSURANCE COMPANY and AEGON USA INVESTMENT MANAGEMENT, <br><br> Defendants. | No. C 17-136-MWB <br><br> **OPINION AND ORDER REGARDING DEFENDANT'S SECOND REQUEST FOR INSTEREST DUE ON THE PROMISSORY NOTES AND REASONABLE ATTORNEY FEES** |

_____

This case is before me on defendant Transamerica's March 14, 2018, [Second] Calculation Of Interest Due On The Promissory Notes And Calculation Of Reasonable Attorney Fees. Transamerica filed its [Second] Calculation in response to my February 2, 2018, Opinion And Order in which I, *inter alia*, directed Transamerica "to file within 40 days a calculation of the additional interest due and a calculation of reasonable attorney fees as allowed under the promissory notes." Transamerica seeks $28,180.54, plus a monthly interest accrual of the lesser of the flat amount of $675.45 or 0.25% of the outstanding principal balance of $238,446.51 beginning March 1, 2018, and $84,713.00 in attorney fees.

This is Transamerica's second attempt to provide adequate support for its attorney fee claim. On March 13, 2018, Transamerica submitted its [First] Calculation Of Interest Due On The Promissory Notes And Calculation Of Reasonable Attorney Fees. In support of the attorney fees calculations, Transamerica offered only an affidavit of counsel concerning hourly rates and a single page "itemization" showing daily hours and rates claimed with the general category for each day's activity ("Drafting pleadings, motion,

briefs" and "Research"). By Text Order, filed March 13, 2018, I rejected Transamerica's [First] Calculation, explaining that, "[a]lthough the request for interest is adequately supported, the request for attorney fees fails to comply with N.D. Ia. L.R. 54A(a)" and that "[b]oth requests are denied without prejudice to avoid entry of piecemeal judgments."

In support of the attorney fees calculations in its [Second] Calculation of attorney fees, Transamerica has now added a "LR 54A Attorney Fee Summary," listing total hours and fees for each attorney or paralegal in several categories, but indicating that all of the hours and fees claimed were in the categories of "Drafting pleadings, motions, and brief" (130.5 hours and $77,018.00, with 108.2 of those hours at $675 per hour, and remaining hours at lower hourly rates) or "Legal research" (11.4 hours, all at $675 per hour, totaling $7,695.00,). I reiterate that the renewed request for interest is adequately supported, but, despite a warning and a second bite at the apple, I find that the supplemented request for attorney fees utterly fails to comply with N.D. Ia. L.R. 54A(a).

Local Rule 54A(a), concerning Attorney Fees, provides in pertinent part as follows:

> a. **Time and Content of Motions for Award of Attorney Fees**. The claimed amount of attorney fees must be supported by *an itemization that includes a detailed listing of the time claimed for each specific task and the hourly rate claimed*. The itemization also must include a separate summary indicating the total time spent performing each of the following major categories of work:
>
>  1. Drafting pleadings, motions, and briefs;
>  2. Legal research;
>  3. Investigation;
>  4. Interviewing;

>    5.   Trial preparation; and
>
>    6.   Trial.
>
> Costs must be itemized separately.

N.D. IA. L.R. 54A(a) (emphasis added). Although Transamerica has now provided the required "separate summary," by no stretch of the imagination does its "itemization" include the required "detailed listing of the time claimed for each specific task and the hourly rate claimed." More specifically, I cannot tell how much time was expended on any specific task, such as a specific pleading, motion, or brief, or research for that specific task. Under the circumstances, it is impossible for me to tell whether either the time expended or the hourly rate claimed for any specific task was reasonable, leading to a reasonable fee for that task. *See, e.g., Murphey v. Smith*, 136 S. Ct. 784, 789 (2018) (explaining the lodestar calculation to determine a reasonable fee); *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 865 (8th Cir. 2017) (same).

A court may undertake various reductions of the claimed fees, based, for example, on limited success, an unreasonable hourly rate, excessive hours expended, or poor record keeping. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565-66 (1986); *McDonald v. Armontrout*, 860 F.2d 1456, 1459 (8th Cir. 1988). "It remains the applicant's burden to establish entitlement to a particular award by presenting adequate documentation of its efforts in the litigation." *United Healthcare Corp. v. American Trade Ins. Co., Ltd.*, 88 F.3d 563, 574 (8th Cir. 1996) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Here, the deficiencies in record keeping are not "spotty" ones relating to only occasional itemizations, but deficiencies in every single daily itemization. Thus, I cannot tell if *any* of the time or fees claimed were reasonable, so I will deny the attorney fee claim in its entirety.

THEREFORE, defendant Transamerica's March 14, 2018, [Second] Calculation Of Interest Due On The Promissory Notes And Calculation Of Reasonable Attorney Fees (docket no. 73) is **granted in part and denied in part**, as follows:

1. Transamerica's request for interest due on promissory notes is **granted,** and Transamerica is awarded interest on promissory notes, against plaintiff Albert S. Wologo, in the amount of $28,180.54 accrued through February 28, 2018, plus a monthly interest accrual of the lesser of the flat amount of $675.45 per month or 0.25% of the outstanding principal balance of $238,446.51 beginning March 1, 2018; but

2. Transamerica's request for attorney fees is **denied** in its entirety for failure, on Transamerica's second attempt, to comply with N.D. IA. L.R. 54A(a).

**IT IS SO ORDERED**.

**DATED** this 14th day of March, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA