# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| ALBERT S. WOLOGO, <br><br> Plaintiff, <br><br> v. <br><br> TRANSAMERICA LIFE INSURANCE COMPANY and AEGON USA INVESTMENT MANAGEMENT, <br><br> Defendants. | 1:17-cv-00136-MWB <br><br><br> **DEFENDANT'S BRIEF IN SUPPORT OF RULE 60(b)(1) MOTION FOR RELIEF FROM A JUDGMENT OR ORDER** |

Defendant Transamerica Life Insurance Company ("Transamerica") submits the following Brief in Support of Fed. R. Civ. P. 60(b)(1) Motion for Relief from a Judgment or Order:

## FACTS AND PROCEDURAL HISTORY

1.     On February 2, 2018, this Court entered its Opinion and Order re: Defendants' Motion for Summary Judgment [ECF No. 64], in which the Court granted Defendants' Motion for Summary Judgment [ECF No. 58].

2.     At the conclusion of the February 2, 2018 Opinion and Order [ECF No. 64], the Court stated:

> Defendant Transamerica shall recover from Wologo on its counterclaim $238,884.13, plus interest, costs, and attorney fees as required under the notes and agreements that Wologo signed. Defendants are directed to file within 40 days a calculation of the additional interest due and a calculation of reasonable attorney fees as allowed under the promissory notes.

3.     On February 9, 2018, the Court filed its Amended Judgment [ECF No. 68], stating: "Judgment is entered in favor of Defendant Transamerica on its counterclaim against Plaintiff Albert S. Wologo in the amount of . . . $238,446.51, plus interest, costs and attorney's fees."

1

4. On March 13, 2018, Transamerica submitted its [First] Calculation of Interest Due on the Promissory Notes and Calculation of Reasonable Attorney Fees [ECF No. 71] ("hereinafter [First] Calculation").

5. By Text Order filed March 13, 2018 [ECF No. 72], the Court rejected Transamerica's [First] Calculation, explaining that, "although the request for interest is adequately supported, the request for attorney fees fails to comply with Northern District of Iowa Local Rule 54A(a)." The Court further stated that, "both requests are denied without prejudice to avoid entry of piecemeal judgments."

6. On March 14, 2018, Transamerica submitted its [Second] Calculation of Attorney Fees [ECF No. 73] (hereinafter "[Second] Calculation"), which included an additional item entitled "Local Rule 54A Attorney Fee Summary," listing total hours and fees for each attorney and paralegals involved in the case broken down by the categories defined by Local Rule 54A. The undersigned counsel submitted the [Second] Calculation [ECF No. 73], with the good faith belief that the [Second] Calculation, which included a "Local Rule 54A Attorney Fee Summary," properly cured the deficiency noted by the Court in its March 13, 2018 Text Order [ECF No. 72]. (See Stone Supp. Aff., at ¶¶ 3–9.)

7. On March 15, 2018, Judge Bennett granted in part and denied in part Transamerica's [Second] Calculation [ECF No. 74]. The Court granted Transamerica's request for interest due on the promissory notes, but denied the request for attorney fees in its entirety "for failure, on Transamerica's second attempt, to comply with Northern District of Iowa Local Rule 54A(a)." (See [ECF No. 74], p. 4 of 4).

8. In its March 15, 2018 Order, the Court stated that, "despite a warning and a second bite at the apple," the Court found that the supplemental request for attorney fees failed to

2

comply with the Local Rule, stating that it was unable to tell "how much time was expended on any specific task, such as a specific pleading, motion, or brief, or research for that specific task." (See [ECF No. 74], p. 3 of 4).

9. After reading the Court's March 15, 2018, Order, the undersigned also realized he had failed to submit the "invoices" referenced in paragraph 7 of his original Affidavit.

10. Accordingly, the undersigned inadvertently failed to include the "invoices" in his [First] Calculation, and then misinterpreted the Court's March 13, 2018 Text Order, regarding the deficiency in his [First] Calculation.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides, in relevant part, that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) *mistake, inadvertence, surprise, or excusable neglect. . .* or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b) (emphasis added). There is no strict time requirement for filing a motion for relief under Rule 60(b); the motion must be made within a "reasonable time." Fed. R. Civ. P. 60(c)(1). Like all Federal Rules of Civil Procedure, Rule 60 "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983) (internal citations omitted). Rule 60(b) is "designed to prevent injustice by allowing a court to set aside the unjust results of litigation." *White v. Nat'l Football League*, 756 F.3d 585, 596 (8th Cir. 2014). "The district court has wide discretion in deciding whether or not to grant a motion under [Rule] 60(b)." *Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 371 (8th Cir.1994).

3

<u>**ARGUMENT**</u>

**I.**    <u>**TRANSAMERICA'S RULE 60(b)(1) MOTION SHOULD BE GRANTED BECAUSE THE ERROR AT ISSUE WAS THE PRODUCT OF INADVERTENCE OR EXCUSABLE NEGLECT**</u>

With respect to Rule 60(b)(1), the Eighth Circuit Court of Appeals has stated "excusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 403 (8th Cir. 2000). Whether a party's or counsel's neglect can properly be excused under a Rule 60 Motion is a determination that must be made after consideration of "all relevant circumstances surrounding the party's omission." *Id.* (citing *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 394 (1993)). "[E]xcusable neglect ... is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* "To be excusable, however, the neglect must be accompanied by a showing of good faith and some reasonable basis for not complying with the rules." *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005).

While a court "may properly find excusable neglect [where the language of a rule is ambiguous or susceptible to multiple interpretations or where an apparent conflict exists between two rules], ... [the] failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect." *Ceridian*, 212 F.3d at 404. In determining whether relief under Rule 60(b)(1) is appropriate, the Court must weigh the following factors: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant. *Pioneer Inv. Services Co.*, 507 U.S. at 395. These four *Pioneer* factors do not carry equal weight though—the reason for

4

delay is a key factor in the analysis. *See Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000).

The *Ceridian* case highlights when a movant is not entitled to relief under Rule 60(b)(1). In *Ceridian*, the Eighth Circuit Court of Appeals rejected Ceridian's Rule 60(b)(1) motion for relief from operation of a statute that vested in defendants "Allied and Tower once Ceridian failed to file a timely motion" to prevent statutory discharge of a garnishment under Minn. Stat. Chapter 571. *Ceridian*, 212 F.3d at 404. In rejecting its motion premised upon a mistake of law, the Court further noted that Ceridian only cited cases in which relief was granted under Rule 60 based upon mistakes of fact, none of which could be used in support of Ceridian's argument that a mistake of law—namely its failure to follow the "clear dictates" of a state statute—could be remedied by way of a Rule 60 motion. *Id.* Summarizing the *Ceridian* Court's ruling, then, the Rule 60 motion was denied because: (1) the prejudice to the non-moving party was high given the operation of the statute calling for discharge of the garnishment upon expiration of the 30-day window in question; (2) the length of the delay had significant impact on the proceedings in light of the same statute and its operation; (3) while *Ceridian* may have made a good faith mistake, that mistake was not reasonable because it was in the control of the movant alone and their erroneous interpretation of a bright-line statutory command was not the sort of neglect excused by Rule 60(b)(1). *See generally Ceridian*, 212 F.3d at 404–05.

The facts of this case are the opposite of *Ceridian* and relief under Rule 60(b)(1) is justified on the basis of excusable neglect. The first *Pioneer* factor cuts in favor of Transamerica, as no prejudice would be wrought upon Mr. Wologo if the Court were to grant relief under Rule 60(b)(1). Here, the relief requested in Transamerica's Rule 60 motion presents no danger of prejudice to the non-movant because the Court's February 2, 2018 Order and Opinion Regarding

Defendants' Motion for Summary Judgment [ECF No. 64], and February 9, 2018 Amended Judgment [ECF No. 68], clearly indicate that Transamerica is entitled to an award of attorney's fees pursuant to the written agreements executed by Mr. Wologo. Further, there is no statute that, upon passage of a certain amount of time, operates to negate Transamerica's entitlement to attorney fees, or Mr. Wologo's obligation to pay those fees as part of the judgment entered against him, as was the case in *Ceridian* above.

The second and fourth *Pioneer* factors also favor granting Transamerica's Motion, as there was no unreasonable delay on Transamerica's part which had a significant impact on the litigation. The Court entered its Order [ECF No. 64], granting Transamerica's Motion for Summary Judgment and its Amended Judgment [ECF No. 68], on February 2, 2018, and February 9, 2018, respectively. In the February 2, 2018 Order, the Court ordered Transamerica to file its "calculation of reasonable attorney fees as allowed under the promissory notes." (*See* Opinion and Order [ECF N0. 64], at p. 3). Transamerica complied with this portion of the Court's order by filing its [First] Calculation [ECF No. 71], on March 13, 2018. That same day, the Court entered a Text Order [ECF No. 72] in which it rejected the [First] Calculation and ordered Transamerica to file a second calculation that complied with Local Rule 54A. The next day, March 14, 2018, Transamerica acted promptly by preparing and filing its [Second] Calculation [ECF No. 73]. The Court then rejected Transamerica's [Second] Calculation by Text Order [ECF No. 74], entered on March 15, 2018. Less than one week later, Transamerica filed this Brief and accompanying Motion and Affidavit in a further attempt to respond promptly to the Court's orders and/or directives.

Finally, the third *Pioneer* factor—whether the movant acted in good faith despite its error or neglect—strongly favors granting of Transamerica's Motion for Relief under Rule 60(b)(1).

6

As set forth in the Motion and Affidavit filed contemporaneously with this Brief, the undersigned counsel acted promptly and in good faith to understand and subsequently rectify what he believed to be the deficiencies noted by the Court in its Text Order [ECF No. 72], rejecting Transamerica's [First] Calculation. Upon reading the Court's March 13, 2018 Text Order [ECF No. 72], the undersigned reviewed Local Rule 54A and immediately prepared a revised [Second] Calculation and "Local Rule 54A Attorney Fee Summary" with the good faith belief that the revisions and additional documentation cured the deficiencies noted by the Court in its March 13, 2018 Text Order. (*See* Stone Supp. Aff. ¶¶ 1–10.) Finally, the undersigned referred to the "invoices" in his [First] Calculation but inadvertently failed to attach them. The undersigned did not identify his failure to attach the invoices until the Court's March 15, 2018 Order.

Examining all four *Pioneer* factors together, Transamerica respectfully requests that it be granted relief under Rule 60(b)(1). Transamerica's attorney made good faith efforts to promptly comply in good faith with both the local rules and the Court's Orders, and did not willfully ignore the local rules or Court's Orders.

**<u>CONCLUSION</u>**

For the reasons stated above and in the attached Motion for Relief from a Final Judgment or Order, and in the accompanying Affidavit, the undersigned requests that the Court set aside that portion of its March 14, 2018 Order Denying Attorney Fees [ECF Nos. 74 and 75], and award Transamerica reasonable attorney fees pursuant to its Opinion and Order [ECF No. 64], and Local Rule 54A, based on the attached "invoices" including the required detailed listing of the time claimed for each specific task and the hourly rate claimed.

7

/s/ Wilford H. Stone
WILFORD H. STONE, AT0007699
LYNCH DALLAS, P.C.
526 Second Avenue SE
P.O. Box 2457
Cedar Rapids, Iowa 52406-2457
Telephone: 319.365.9101
Facsimile: 319.866.9721
E-Mail: wstone@lynchdallas.com

Counsel for Defendants Transamerica Life
Insurance Company and AEGON USA Investment
Management LLC

8