# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| ALBERT S. WOLOGO,<br><br>Plaintiff,<br><br>vs.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY and AEGON USA INVESTMENT MANAGEMENT,<br><br>Defendants. | No. C 17-136-MWB<br><br>**OPINION AND ORDER REGARDING DEFENDANT TRANSAMERICA'S MOTION FOR RELIEF FROM THE JUDGMENT REGARDING ATTORNEY FEES** |

_____

This case is before me on defendant Transamerica's March 22, 2018, Rule 60(b)(1) Motion For Relief From A Judgment Or Order. In the Motion For Relief, Transamerica seeks relief from the denial of its request for attorney fees in my March 15, 2018, Opinion And Order Regarding Defendant's Second Request For Interest Due On The Promissory Notes And Reasonable Attorney Fees.

On March 13, 2018, Transamerica submitted its [First] Calculation Of Interest Due On The Promissory Notes And Calculation Of Reasonable Attorney Fees. In support of the attorney fees calculations, Transamerica offered only an affidavit of counsel and a single page "itemization" showing daily hours and rates claimed with the general category for each day's activity ("Drafting pleadings, motion, briefs" and "Research"). By Text Order, filed March 13, 2018, I rejected Transamerica's [First] Calculation, explaining that, "[a]lthough the request for interest is adequately supported, the request for attorney fees fails to comply with N.D. Ia. L.R. 54A(a)" and that "[b]oth requests are denied without prejudice to avoid entry of piecemeal judgments."

On March 14, 2018, Transamerica filed its [Second] Calculation of attorney fees, to which it added a "LR 54A Attorney Fee Summary," listing total hours and fees for each attorney or paralegal in several categories, but indicating that all of the hours and fees claimed were in the categories of "Drafting pleadings, motions, and brief" (130.5 hours and $77,018.00, with 108.2 of those hours at $675 per hour, and remaining hours at lower hourly rates) or "Legal research" (11.4 hours, all at $675 per hour, totaling $7,695.00). In the Opinion And Order from which Transamerica now seeks relief, I reiterated that the renewed request for interest was adequately supported, but found that, despite a warning and a second bite at the apple, the supplemented request for attorney fees utterly failed to comply with N.D. Ia. L.R. 54A(a). More specifically, I concluded that, although Transamerica had provided the required "separate summary," by no stretch of the imagination did its "itemization" include the required "detailed listing of the time claimed for each specific task and the hourly rate claimed," so that I could not tell how much time was expended on any specific task, such as a specific pleading, motion, or brief, or research for that specific task, or whether either the time expended or the hourly rate claimed for any specific task was reasonable, leading to a reasonable fee for that task. *See, e.g., Murphey v. Smith*, 136 S. Ct. 784, 789 (2018) (explaining the lodestar calculation to determine a reasonable fee); *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 865 (8th Cir. 2017) (same).

In its Motion For Relief, Transamerica now argues that it inadvertently failed to attach to its [First] Calculation the invoices in support of attorney fees showing how billed time was spent, so that Transamerica mistakenly believed that the reason for rejection of the [First] Calculation of attorney fees was simply the lack of the "LR 54A Attorney Fee Summary," which was then submitted with the [Second] Calculation. Transamerica argues that its mistake amounts to "excusable neglect" in its interpretation of the Text Order rejecting the [First] Calculation. With its Motion For Relief, Transamerica has

provided a supplemental affidavit of counsel explaining the mistake. I conclude that the mistake, rather easily made, constitutes "excusable neglect" within the meaning of Rule 60(b)(1) of the Federal Rules of Civil Procedure. *See U.S. Commodity Futures Trading Comm'n v. Kratville*, 796 F.3d 873, 896 (8th Cir. 2015) (explaining that "excusable neglect" requires that the failure be the result of "(1) neglect or noncompliance . . . (2) that is excusable" and listing relevant factors). After all, who among us hasn't forgotten to attach a file to an email, for example? Therefore, I will reconsider my complete denial of attorney fees in this case.

With its Motion For Relief, Transamerica has now provided invoices showing the "description" of the activities for which amounts of time were billed each day. Transamerica's submissions also reflect that one of its attorneys, with a Washington, D.C., law firm, billed a total of 119.6 hours at $675 per hour for a total of $80,730.00 in fees; a second attorney, with a Cedar Rapids, Iowa, law firm, billed a total of 5.6 hours at $225 per hour for a total of $1,260.00 in fees; a third attorney billed a total of 1.7 hours at $190 per hour for a total of $323.00 in fees; and a paralegal billed a total of 15 hours at $160 per hour for a total of $2,400.00 in fees. Thus, Transamerica seeks a grand total of $84,713.00 in attorney fees.

As I explained in my previous ruling, a court must consider whether the time expended and the hourly rate claimed for any specific task was reasonable, leading to a reasonable fee for that task. *See, e.g., Murphey*, 136 S. Ct. at 789; *Caligiuri*, 855 F.3d at 865. A court may undertake various reductions of the claimed fees, for example, based on limited success, an unreasonable hourly rate, excessive hours expended, or poor record keeping. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565-66 (1986); *McDonald v. Armontrout*, 860 F.2d 1456, 1459 (8th Cir. 1988). "It remains the applicant's burden to establish entitlement to a particular award by presenting adequate documentation of its efforts in the litigation." *United Healthcare*

3

*Corp. v. American Trade Ins. Co., Ltd.*, 88 F.3d 563, 574 (8th Cir. 1996) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

I am not wholly convinced that Transamerica has met its burden, *id.*, to demonstrate that the hourly rate of $675 claimed for counsel from Washington, D.C., is reasonable. *See Pennsylvania*, 478 U.S. at 565-66. In an affidavit, filed with the [First] Calculation and the [Second] Calculation, but not with the Motion For Relief, counsel from Iowa avers that he has received as much as $295 per hour from civil litigation clients in Iowa, but that he "ha[s] dealt with counsel in larger markets in Washington, D.C.; Chicago, Illinois, and Los Angeles, California, and [is] aware that such lawyers commonly charge anywhere from $400-$800 an hour to civil litigation clients." Nevertheless, from my own experience, I conclude that an hourly rate of $675 is reasonable in Washington, D.C., and that the hourly rates claimed for other attorneys and the paralegal are eminently reasonable. From my review of the records, I also conclude that fees claimed by the other attorneys and the paralegal are reasonable fees for their services. *See, e.g., Murphey*, 136 S. Ct. at 789. I will, however, impose a 30% reduction in the total fees claimed by Washington, D.C., counsel because his hourly rate is unreasonable to shift to a losing *pro se* plaintiff in the circumstances of this case, because of poor record keeping, and because the attorney with the highest hourly rate performed certain tasks that could more reasonably have been assigned to an attorney or paralegal at a much lower hourly rate. *See Pennsylvania*, 478 U.S. at 565-66.

First, I find it unreasonable to shift the entire burden of hours billed at $675 per hour to a losing *pro se* opposing party. While it may be reasonable to charge *clients* in Washington, D.C., $675 per hour, and *clients* may quite willingly pay that rate, such an hourly rate is excessive for civil litigation in Iowa or, at the very least, excessive to shift to a losing *pro se* party in civil litigation in Iowa, because the *pro se* party simply suffers the burden of the opposing party's choice of counsel.

Second, an example of less than adequate record keeping is the very first entry in the records provided. On January 23, 2017, Washington, D.C., counsel spent 5.6 hours to "[d]raft motion to dismiss and transfer, supporting memorandum of law and declaration, and proposed order." While only one *filing* was involved, the separate *tasks* are not broken down by time. Thus, it remains difficult for me to tell whether either the time expended or the hourly rate claimed for any specific task in the block was reasonable, leading to a reasonable fee for that task. *See, e.g., Murphey*, 136 S. Ct. at 789. In contrast, on December 4, 2017, Washington, D.C., counsel spent 4.8 hours, but the time is broken down as follows: "[d]raft motion for summary judgment motion [sic] (1.3); [d]raft statement of material facts (2.6); [r]eview parties' document production for statement of material facts (.9)." That sort of detail does let me assess the reasonableness of the time and fee claimed.

What is most troubling to me, however, is that the lion's share of the hours claimed for the case was at the highest hourly rate. Again, it may be reasonable, based on the relationship with the client or the client's express desires, for a particular attorney to do the vast majority of the work on a case. The fact that a client may be willing for the attorney at the highest rate to do the vast majority of the work, however, does not necessarily make it reasonable to award attorney fees against an opposing party, particularly a *pro se* one, at that rate. In the context of this case, including the issues presented, I see no reason why numerous tasks performed by Washington, D.C., counsel could not have been performed by attorneys or paralegals at a much more reasonable hourly rate. Examples include, but are not limited to, research and document review, as well as drafting of routine documents.

Consequently, I will reduce the total fees claimed by Washington, D.C., counsel by 30%, from $80,730.00 to $56,511.00.

THEREFORE, defendant Transamerica's March 22, 2018, Rule 60(b)(1) Motion For Relief From A Judgment Or Order (docket no. 76) is **granted** to the extent that Transamerica's request for attorney fees is now **granted** in the total amount of $60,494.00.

**IT IS SO ORDERED**.

**DATED** this 4th day of April, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA